**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **CASE NO:** |
| | : | **1:24-cr-6–WLS-ALS** |
| | : | |
| **DARRELL ISHMAEL KIRK,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## <u>ORDER</u>

On March 2, 2026, the Court held a Pretrial Conference in this case. The Court enters this Order to memorialize the discussions and instructions given at the Pretrial Conference.

At the conference Defendant's Counsel notified the Court that the Defendant intends to tender a blind plea to Count One of the one-count Indictment (Doc. 1) charging him with Possession of Ammunition by a Convicted Felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 924(e). The Court noted that the seventy-day time period contemplated under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), will expire on or about March 31, 2026, and thus this case has been set for trial beginning Monday, March 23, 2026. It is unclear whether a plea agreement, if any, and hearing on the change of plea can occur prior to March 31, 2026.

Defendant's Counsel acknowledged that a change of plea hearing may not be scheduled prior to the expiration of the seventy-day time period required under the Speedy Trial Act and notified the Court that Defendant would waive this provision of the Speedy Trial Act. Upon questioning by the Court, Defendant Darrell Ishmael Kirk agreed to waive the requirement that his trial commence within the seventy-day time period contemplated under the Speedy Trial Act. Defendant further acknowledged that he understood the proceedings and the waiver.

The Government did not oppose Defendant's contemplated change of plea and waiver of Speedy Trial Act requirements.

Accordingly, the Court accepts Defendant's waiver of the requirements of the Speedy Trial Act that his trial commence within seventy days of Defendant's arraignment which

1

occurred on January 20, 2026. The change of plea hearing will be scheduled as soon as practicable by separate order of the Court. Additionally, the Court finds that exclusion of the referenced period is necessary to allow Counsel and Defendant to conclude the case as indicated and proposed.

**SO ORDERED**, this 3rd day of March 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**